**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHONTA McPHERSON,** | : | **CIVIL NO. 1:CV-12-1352** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **MONICA RECKTENWALD[1],** | : | |
| **Respondent** | : | |

## MEMORANDUM

### I.    Background

Petitioner Shonta McPherson is an inmate presently confined at the Federal Correctional

Institution at Allenwood-Medium Security, in White Deer, Pennsylvania. McPherson initiated

the above-captioned action pro se by filing a petition for writ of habeas corpus under the

provisions of 28 U.S.C. § 2241. He filed an earlier petition in this Court on January 9, 2012 at

Civil Action No. 12-0038, wherein he challenges the decision of a Discipline Hearing Officer

("DHO") who sanctioned him to the loss of good conduct time for the Code 222 offense of

possessing intoxicants. McPherson contends that the sanctions imposed exceeds those permitted

for a 200-level offense.   Service of the petition was directed and a response and traverse

thereafter filed. The petition is currently ripe for disposition.

On July 13, 2012, McPherson filed the above-captioned petition for writ of habeas corpus

pursuant to § 2241, a supporting memorandum, and a motion to proceed in forma pauperis. In

the petition, McPherson raises additional claims with respect to the decision of the DHO for the

---

[1] Monica Recktenwald is the new warden at the Federal Correctional Institution -
Medium Security at Allenwood ("FCI Allenwood-Medium"), Pennsylvania. The former warden
at FCI Allenwood-Medium was David Ebbert.

Code 222 offense of possessing intoxicants. He contends that he made "an erroneous determination that the petitioner did not learn his lesson" and that he thereafter imposed a sanction that was greater than the act charged "to deter future misconduct." (Doc. No. 2 at 2.) In doing so, McPherson contends that the DHO's actions were contrary to clearly written rules and regulations. He contests the number of days of good conduct time that were forfeited as a result of the sanction imposed.

## II.   Discussion

McPherson's challenges in the instant petition for writ of habeas corpus clearly relate to those claims raised in the earlier filed petition. Both petitions raise challenges to the disciplinary proceedings held with respect to an incident report he received for a Code 222 violation for possession of intoxicants, and seek the restoration of good conduct time. The earlier petition for writ of habeas corpus (Civil Action No. 1:12-CV-0038) is fully briefed and ripe for review. However, because the new petition raises claims related to the earlier petition, for the sake of judicial economy the Court will construe the new petition as a Motion to Supplement the earlier petition with these new challenges.

As such, the Court will direct that the petition filed in the above-captioned matter be docketed as a Motion to Supplement the Petition in Civil Action No. 1:12-CV-0038, and will grant the motion. Respondent will be directed to file a supplemental brief within twenty-one (21) days addressing McPherson's new claims. McPherson will also be afforded an opportunity to file a reply to Respondent's filing within fourteen (14) days after the date of its filing. In addition, the Court will grant McPherson's motion to proceed in forma pauperis in the above matter for the sole purpose of filing the petition, and direct that this action be closed. An

2

appropriate order follows.